UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PETER DABISH,

    Petitioner,                                   Hon. Gordon J. Quist

v.                                               Case No. 2:17-cv-10782

RANDALL HAAS,

    Respondent.
_____/

## ORDER

This matter is before the Court on <u>Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance</u>. (ECF No. 11). Petitioner was convicted of torture and first degree murder. Petitioner unsuccessfully appealed the matter in state court after which he initiated the present action, asserting several claims for relief. Petitioner now requests that the Court stay the present action so that he can return to state court to exhaust the claim that his trial attorney was ineffective for failing to investigate and develop the factual basis for the defense that the victim died as the result of "grossly erroneous medical treatment." As discussed herein, Petitioner's motion is **granted**.

While the Court *may* stay a habeas action to permit a petitioner the opportunity to return to state court to properly exhaust a claim, the Supreme Court has warned that such "should be available only in limited circumstances" so as to not undermine the goals of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Accordingly, granting a request for a stay in such circumstances should be granted only where: (1) the petitioner has demonstrated good cause for his failure to exhaust the claims at issue; (2) the unexhausted claims are potentially meritorious;

and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Respondent opposes Petitioner's motion on the ground that Petitioner should not be permitted to amend his petition. Petitioner, however, has not moved to amend his petition, but has instead moved to obtain a stay of the present action. Seeking a stay and moving to amend a petition are two distinct requests governed by distinct standards. The Court certainly recognizes that Petitioner may, at a future date, return to this Court and seek to lift the stay and amend his petition. Nevertheless, the Court is confined to addressing the specific issue before it, rather than addressing different issues which may be asserted in the future. The standard applicable to Petitioner's request for a stay was articulated by the *Rhines* Court as discussed above. Petitioner satisfies this standard and Respondent's argument, addressing a wholly different question, is unpersuasive on the question whether a stay is appropriate.

The two primary cases on which Respondent relies in support of his opposition to the present motion, *Mayle v. Felix*, 545 U.S. 644 (2005) and *Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017), both concern circumstances in which a petitioner submitted an amended habeas petition. Neither case concerns a request to obtain a stay of a habeas petition so that the petitioner can return to state court. While these decisions may be relevant to any future motion by Petitioner to amend his petition, neither case concerns whether a petitioner may be granted a stay for the purpose of returning to state court to exhaust certain claims. As to any motion which Petitioner might, in the future, assert seeking to amend his petition, the Court has no opinion as that question is not presently before the Court. Accordingly, the Court hereby **grants** Petitioner's motion to stay the present matter to permit him an opportunity to return to state court to properly exhaust the claim(s) in question, **provided that Petitioner complies with the instructions**

**detailed below**.

## CONCLUSION

Within 30 days of this Order, Petitioner must return to state court to exhaust his state court remedies with respect to the unexhausted claim(s) identified in the present motion. Within 30 days of this Order, Petitioner must submit to this Court an affidavit setting forth the date on which he submitted a pleading seeking relief in the state court and the claim(s) raised in such pleading. If Petitioner fails to file this affidavit within the time provided, the Court will not stay the present matter, but will instead address his petition as originally filed. Upon receipt of Petitioner's affidavit, the Court will stay this matter and administratively close this case. Once Petitioner has exhausted his state court remedies, he must file a motion to re-open this case and amend his petition, including a proposed amended petition, with this Court within 30 days of the final decision by the Michigan Supreme Court.

IT IS SO ORDERED.


Dated: March 6, 2019                        /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           U.S. Magistrate Judge